2L 21
4L 492
14L 232

V. F. BIBB and ANN HUDSON, Adm'rs, v. JOHN L. TARKINGTON et als.

1. STATUTE ·OF LIMITATION. *Administration.* The bringing of a suit at law prosecuted to judgment will stop the running of the statute of two years and six months in favor of the estates of decedents, even if the judgment be voidable at the instance of the personal representative as having been taken in violation of an injunction sued out by him against creditors generally.

2. SAME. *Same. Judgment against personal representative may be filed. When.* It is not a good ground of exception to a claim against the estate of a decedent·on which judgment has been recovered against the personal representative, that it was not *filed* within two years and six months after administration granted.

---

FROM HICKMAN.

---

Appeal from the Chancery Court at Centerville. G. H. NIXON, Ch.

J. S. PILCHER for complainant.

N. N. COX for defendants.

COOPER, J. delivered the opinion of the court.

The question raised by this record is, whether the claim of Henry Fowlkes, executor of P. H. Cook, deceased, against the estate of C. C. Hudson, the intestate of the complainants, has been filed in time.

C. C. Hudson died in Hickman county in October, 1860, and complainants were appointed and qualified as administrators of his estate on the first of the en-

suing month. On or about the 23d of April, 1866, complainants filed this bill in the Chancery Court at Centerville, stating these facts, and that the estate of their intestate was amply solvent at the date of his death to pay all his debts, but that the war had emancipated the slaves, rendered it impossible to collect debts due the estate, and reduced the debtors to insolvency, so that the existing realty and personalty were no longer adequate to pay debts. The bill then enumerates the unpaid claims of several of the creditors of the estate, and among others, "debt to estate of E. C. Cook as security for McMinn for about $600." The bill does not allege that the insolvency of the estate has been suggested to the county court, but asks "that said estate may be declared insolvent and administered as such in this court." It further prays "that all suits and executions against complainants as administrators be enjoined, and the further prosecution thereof stayed, and all the creditors of the estate required to file their claims with the clerk and master." The Chancellor, at chambers, directed injunction to issue as prayed. The injunction actually issued was against the prosecution of any suit against the administrator "except to judgment."

On the 28th of August, 1860, the intestate of the complainants as surety, with one I. H. McMinn as principal, executed three notes for $400 each, payable on the 1st of March, 1861, to E. C. Cook, and these notes were, on the 4th of October, 1860, endorsed to P. H. Cook. On the 1st of November, 1865, P. H. Cook brought suit on these notes in the circuit court,

the subpœna being served on the complainant, Bibb, on the 24th of November, 1865. Judgment was taken by default on the 24th of May, 1867, and recites that it appearing to the court that the insolvency of the estate of C. C. Hudson has been suggested, it is ordered by the court that the judgment be certified to the Clerk of the Chancery Court at Centerville, and awards no execution. A certified memorandum of this judgment, the certificate bearing date June 6, 1867, was filed in this cause at what precise date does not appear, and was marked as filed on the 1st of February, 1871. A certified transcript of the entire record of the judgment was filed on the 23d of July, 1872. On the 5th of March, 1874, the claim was formally presented by petition by Henry Fowlkes as executor of P. H. Cook. On the 9th of March, 1876, the complainants filed exceptions to the allowance of the claim, the first two of which are not true in fact, and are abandoned. The third is in these words, "Because it was not filed within two years and six months after administration was granted." The Chancellor, on the same day, sustained this exception, and Fowlkes appealed.

It is agreed by the parties, as a matter of fact, that the courts were closed in Hickman county by the late civil war from the 1st of November, 1861, to August, 1865, and it is, consequently, not contended that the suit at law was not brought in time to save the bar of the statute of limitations of two years and six months. Code, secs. 2760, 2279, 2784. The argument is, that notwithstanding the commencement of

that suit within time, the claim should have been filed in this suit within two years, or at most, two years and six months from the 1st of January, 1867, when the statute of limitations, suspended by the act of 1865, again began to run. It is obvious, however, that if the action at law on the debt was brought in time, the statute at once ceased to run. And it would not alter the result if, as argued, the judgment was afterward taken in violation of the injunction sued out in the suit, for the action would still be pending, and would prevent the running of the statute. If the complainants had a good defense to the original debt, and the judgment were taken in violation of the injunction, they might, undoubtedly, by petition in this cause, have set it aside so as to permit them to make the defense. But they make no objection to the judgment by their exceptions, and, perhaps, could make none, because the general injunction which the Chancellor is authorized to issue by the Code, sec. 2383, is, probably, confined to cases in which there has been a regular suggestion of insolvency in the county court, and that suggestion does not operate to prevent the rendition of judgment. Code, sec. 2333. And if the petitioner is so far a party to the suit by the mention of his debt in the bill as for that reason to make the injunction operative upon him, that recognition would stop the running of the statute. Be this as it may, the pendency of the suit at law when this bill was filed, and the recognition of an indebtedness to E. C. Cook as security of McMinn on the face of the bill, certainly prevented the running of the statute

of limitations. *Mitchell* v. *Mitchell,* 8 Hum., 359; *Henderson* v. *McGhee,* 6 Heis., 55. And no objection being made to the judgment, its validity is conceded.

The Chancellor's decree will be reversed, and the claim allowed. The complainants will pay the costs of this court.